HE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON CONNER GREEN, | CASE NO. C24-1140-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On August 5, 2024, the Honorable Michelle L. Peterson, United States Magistrate Judge, granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 6.) Plaintiff's complaint (Dkt. No. 7) was entered shortly thereafter. Plaintiff later amended that complaint (Dkt. No. 9) and moved for the appointment of counsel (Dkt. No. 8) and for a preliminary injunction (Dkt. No. 10).

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). To avoid dismissal, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a

right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Here, Plaintiff is seeking relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971) and 42 U.S.C. § 1983. In as much as the Court can glean, he seeks relief for civil rights deprivations at the hands of various federal, state, and local government actors. But Plaintiff's allegations are not coherent. They fail to establish (a) the relief sought, (b) the conduct supporting that relief, (c) the actor responsible for that conduct, (d) and the legal theory supporting the relief sought. Each of these must be supported by specific allegations—not formulaic conclusions or legal titles. *See Iqbal*, 556 U.S. at 664. In addition, claims against many of the defendants, at least as pleaded, are invalid.

For example, the United States is immune, absent a waiver of sovereign immunity. *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011). Nor is a state, such as Washington (or its employees if acting in their official capacity) a "person" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). And to the extent Plaintiff's allegations relate to the judicial process, even if well pleaded, judges have absolute immunity. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal citations omitted). This extends to "[a]ll those who perform judge-like functions." *Ryan v. Bilby*, 764 F.2d 1325, 1328 n.4 (9th Cir. 1985) (citations omitted). Finally, qualified immunity "shields [government officials] from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Acosta v. City of Costa Mesa*, 718 F.3d 800, 824 (9th Cir. 2013).

However, the Court will not dismiss a case unless "it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the Court ORDERS Plaintiff to file an amended complaint curing the defects identified above no later than 21 days from the date this order is issued. If Plaintiff fails

to do so, the complaint will be dismissed without prejudice. The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 12th day of August 2024.

<u>Ravi Subramanian</u>
Clerk of Court

<u>s/Kathleen Albert</u>
Deputy Clerk